UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. ELAINE JOSEPH, and ELAINE JOSEPH, individually, <br><br> Plaintiffs, <br> v. <br><br> KEVIN C. KING, SHEILA A. KING, and KEVIN LOGAN KING, <br><br> Defendants. | CIVIL ACTION <br><br> Docket No. 22-1225 <br><br> District Judge: Hon. Judge Jay C. Zainey (Section A) <br><br> Magistrate Judge: Hon. Judge Donna Phillips Currault (Div. 2) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIRST MOTION TO COMPEL**

**I.   Factual and procedural background**

This suit concerns Plaintiff/Relator Elaine Joseph's tenancy at 5298 Tullis Dr. from 2015 to 2020, a property owned by Defendant Kevin C. King and managed by his mother, Sheila A. King.[1] In her Complaint, Ms. Joseph, a participant in the Section 8 Housing Choice Voucher program, alleges that the Kings illegally overcharged her for rent and failed to resolve serious repair issues that caused her damages.

On May 8, 2023 Ms. Joseph issued eight interrogatories and nineteen document requests to Defendants. Exhibit A-1 [Declaration of Hannah Adams; Plaintiff/Relator's First Discovery]. When no responses were received timely, the parties held a discovery conference on June 20, 2023 in which Defense Counsel agreed to get the discovery responses to undersigned counsel by June 22, 2023. Exhibit A-2 [Declaration of Hannah Adams; Email memorializing discovery

---

[1] Defendant Kevin Logan King is the same person as Kevin C. King.

conference]. Thereafter, discovery responses were provided on June 23, 2023. Pertinent here, the discovery responses included written responses to Plaintiff/Relator's document requests. Exhibit A-3 [Declaration of Hannah Adams; Defendants' Responses to Plaintiff's Request for Production of Documents]. On October 10, 2023 undersigned counsel deposed Sheila King and learned of certain outstanding discovery items. That same day, undersigned counsel emailed Defense Counsel a list of outstanding items that the deponent indicated may exist. Exhibit A-4 [Declaration of Hannah Adams; Email]. Having received no responsive documents, the parties held a discovery conference on October 25, 2023. Exhibit A-5 [Declaration of Hannah Adams; Email memorializing discovery conference]. Defense Counsel agreed to provide the outstanding items by Friday, November 3, 2023. On Monday, November 6, 2023, Defense Counsel indicated over the phone that her client had no responsive documents, but did not provide a written response.

As of the date of this filing the following pertinent discovery remains outstanding from Plaintiffs' first discovery requests:[2]

1. REQUEST NO. 6: Please provide documents sufficient to show all payments made by Ms. Joseph and/or any person or entity on her behalf to Defendants pursuant to her tenancy at 5298 Tullis Dr., and the purpose of the payments. Documents sought include but are not limited to receipts, money order copies, bank records, and/or payment ledgers.

---

[2] Other items also remain outstanding, but Plaintiffs only seek to compel items most critical to their case in a good faith effort to avoid burdening the Court or Defendant.

2

**In their response to this request, Defendants provided a partial receipt book. However, at deposition, Ms. King (who drafted the receipts) was unable to identify which receipts corresponded with actual payments. Ms. King indicated that all payments from Ms. Joseph were deposited into Mr. King's bank account during her tenancy, and that Mr. King might have other payment records or ledgers that were responsive.**

2. REQUEST NO. 7: Please provide documents sufficient to show all repair or maintenance work conducted at 5298 Tullis Dr. during the year prior to Ms. Joseph's tenancy, and during Ms. Joseph's tenancy, including but not limited to work orders, invoices, receipts, written communication with contractors or other professionals, emails, notes, photographs, and videos taken at the leased premises.

   **In their written response to this document request, Defendants stated "Not available currently." However, in her deposition, Ms. King indicated that Mr. King may have records from the plumber who serviced the upstairs bathroom leak at issue in the lawsuit, as well as records of the technician who served Ms. Joseph's air conditioning. In addition, Ms. King indicated that Mr. King might have move-in photos taken before Ms. Joseph moved into the unit.**

3. REQUEST NO. 10: Please provide all photos and videos taken of the leased premises at 5298 Tullis Dr. during Ms. Joseph's tenancy, including the associated metadata showing when the photo or video was taken.

> **In their response to this request, Defendants provided photos taken shortly after Ms. Joseph moved out. In her deposition, Ms. King indicated that Mr. King may have photos taken showing the move-in condition of the unit.**

The outstanding discovery requested seeks to develop, among other topics:

- Whether documented overpayments made my Ms. Joseph can be accounted for by prior rent delinquencies, as claimed by Defendants.
- Whether the documented leak and ceiling collapse in Ms. Joseph's home was the result of a tub overflow, as claimed by Defendants.
- Whether Defendants provided a clean and habitable home and made timely repairs, as claimed by Defendants.
- Whether Ms. Joseph failed to maintain the home, as claimed by Defendants.

## II. Argument

### A. Standard for motion to compel

A party must properly respond to interrogatories and requests for production of documents propounded on it within 30 days after service.  Fed. R. Civ. P. 33(b)(3), 34(b); *Planned Prop. Devs., Inc. v. M/V Rodon Amarandon*, No. CV 05-1397, 2006 WL 8456275, at *2 (E.D. La. Aug. 10, 2006) (Roby, J.) ("It is well-established that unless the parties make other arrangements, responses to discovery are due within 30 days.") Where a party fails to deliver responses to discovery requests in a timely manner, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. art. 37(a)(1). The motion must include a certification that the movant has made a good faith attempt to confer with the opposing party. *Id*.

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Banks v. St. James Par. Sch. Bd.*, No. CV 65-16173, 2021 WL 2070132, at *3 (E.D. La. May 14, 2021) (Currault, J.) (quoting *Wymore v. Nail*, No. 5:14-cv-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016)).

"Evasive or incomplete" answers to discovery requests "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. art. 37(a)(4). The Fifth Circuit has held that conclusory objections that the requested discovery is overly broad, burdensome, oppressive and irrelevant insufficient. *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

### B. Discovery that Plaintiffs seek to compel falls within the permissible scope of discovery.

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes broad discovery related to a party's claims and defenses:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This court continues to recognize that the rules of discovery are to be accorded "broad and liberal treatment." *Willie Banks v. St. James Par. Sch. Bd.*, No. 65-16173, 2021 WL 2070132, at *4 (E.D. La. May 14, 2021) (Currault, J.) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). In *Banks*, movers issued interrogatories seeking test score data by race in an enforcement action pursuant to a 1965 school desegregation case. *Id.* at *2. Respondent school board argued that the

5

test score data was not relevant to any claim or defense because the desegregation obligation outlined in the 1967 Consent Order does not include any obligations to remedy racial discrepancies in achievement. *Id*.

> This Court wrote:
>
> The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage. At this stage, relevance includes any matter that bears on, or that could bear on, any issue that is or may be in the case. Further, discovery must be allowed unless the party opposing discovery establishes that the information sought can have no possible bearing on any claim or defense. If relevance is in doubt, the court should be permissive in allowing discovery.

*Id*. at *3. The Court concluded that, although test scores are not required to achieve unitary status, the school board failed to establish that test scores "*can have no possible bearing* on any claim or defense at issue." *Id*. (emphasis original). Therefore, the Court granted the order compelling production of test score data. *Id*. at *6.

Plaintiffs' Requests for Production and Interrogatories are attached as A-1. As detailed below, the Requests for Production at issue are relevant to Plaintiffs' claims.

### C. Any objections were waived by failure to timely interpose them.

Defendant has not cited a specific or general objection as the basis of failing to provide requested discovery. Here, no objections were timely preserved, because responses and objections were not timely tendered.[3]

### III. Discovery Requests At Issue And Their Relevance

---

[3] This Court has stated that "failure to timely object does not, however, automatically waive privilege objections." *Degruy-Hampton v. Ochsner Clinic Found.*, No. 20-2417, 2021 WL 2514681, at *5 (E.D. La. June 18, 2021) (Currault, J.). However, Defendant has raised no privilege objection in its responses.

REQUEST FOR PRODUCTION NO. 6: Please provide documents sufficient to show all payments made by Ms. Joseph and/or any person or entity on her behalf to Defendants pursuant to her tenancy at 5298 Tullis Dr., and the purpose of the payments. Documents sought include but are not limited to receipts, money order copies, bank records, and/or payment ledgers.

**Regarding RFP No. 6:** Plaintiff/Relator claims in this case that Defendants charged her rent in excess of her approved tenant portion under the Section 8 Housing Choice Voucher program. Defendants argue that receipts and money orders showing overpayments can be explained by the fact that Ms. Joseph was making up for a past-due rent obligation. Ms. Joseph denies this allegation. Plaintiffs are entitled to Defendants' records of all payments received from Ms. Joseph to support her overpayment case, and to rebut Defendants' defense.

In response to this discovery request, Defendants provided a partial receipt book containing receipts written out by Sheila King. However at deposition, Ms. King was unable to identify which receipts corresponded to actual payments. The partial receipt book also did not contain records from the full five years of tenancy.

In deposition, Defendant Sheila King stated rent payments were deposited into Kevin King's bank account. Therefore Kevin King's bank statements, including images of deposited money orders and/or checks from Ms. Joseph, would be responsive to this discovery request. To the extent that Kevin King has other payment ledgers or other documents showing rent payments, those would also be responsive.

Mr. King is responsible for providing discoverable documents "not only that are within that party's actual, physical possession, but also documents that are within the party's

7

constructive possession, custody or control." *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 2185981, at *8 (E.D. La. Feb. 23, 2023) (J. Currault) (citing FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1)). "A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty." *Id*. (footnote omitted). Mr. King's bank account records are certainly within his control, because he has a legal right to obtain them from the bank even if he has no copy of the records himself.

Plaintiffs request that this Court compel HTHA to provide:

1. Statements from his bank account used to deposit rent payments from Ms. Joseph from August, 2015 through August, 2020, including any photo or scan of deposited checks and money orders.

2. Any other responsive documents including, but not limited to, payment ledgers, payment notes, or receipt books kept by Kevin King that document payments made pursuant to Ms. Joseph's tenancy.

REQUEST FOR PRODUCTION NO. 7: Please provide documents sufficient to show all repair or maintenance work conducted at 5298 Tullis Dr. during the year prior to Ms. Joseph's tenancy, and during Ms. Joseph's tenancy, including but not limited to work orders, invoices, receipts, written communication with contractors or other professionals, emails, notes, photographs, and videos taken at the leased premises.

REQUEST NO. 10: Please provide all photos and videos taken of the leased premises at 5298 Tullis Dr. during Ms. Joseph's tenancy, including the associated metadata showing when the photo or video was taken.

**Regarding RFP Nos. 7 and 10:** Aside from her overpayment claims, Ms. Joseph's other claims in this suit pertain to the Kings' failure to maintain the property in livable condition, including failure to ameliorate a ceiling leak and collapse that she endured during her tenancy.

In their written response to this document request No. 7, Defendants stated "Not available currently." However, in her deposition, Ms. King indicated that Mr. King may have records from the plumber who served the upstairs bathroom leak at issue in the lawsuit, as well as records of the technician who served Ms. Joseph's air conditioning. These responsive documents are relevant to Ms. Joseph's habitability claims, and her ability to rebut the Kings' claim that the ceiling collapse and leak were caused by Ms. Joseph's overflowing bathtub.

In response to document request No. 10, Defendants provided photos taken shortly after Ms. Joseph moved out of the property. However at her deposition, Ms. King indicated that Mr. King might have move-in photos taken before Ms. Joseph moved into the unit. These responsive documents are relevant to Ms. Joseph's habitability claims, and her ability to rebut the Kings' defense that they provided a habitable dwelling.

As briefed in the prior section, the Kings have an obligation to obtain documents that they may not have in their physical custody, but have a right to access. *Louisiana Corral Mgmt., LLC*, 2023 WL 2185981, at *8 (citing FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1)). If such

responsive records exist, they should be accessible through the contractor that provided services even if Defendants themselves do not have a physical copy.

Plaintiffs request that this Court compel HTHA to provide:

1. Any and all documentation from the plumber or contractor who inspected and/or repaired the leak from the upstairs bathroom that led to the ceiling collapse during Ms. Joseph's tenancy.
2. Any and all documentation from the HVAC technician who inspected or repaired the HVAC system at any point during Ms. Joseph's tenancy.
3. Any photos taken immediately before Ms. Joseph's tenancy showing the move-in condition of her unit.

### **Relief requested**

Plaintiffs request:

1) An order compelling complete responses as to the above discovery requests. Undersigned suggests that to avoid any further delays, a specific time and place for delivery of the responses be designated in the Court's order.
2) Leave for Plaintiffs to file a motion for sanctions if the Court's order is not complied with, or that the Court order the parties to report back to the Court at a designated date.
3) Attorney fees, as authorized by Rule 37(a)(5).

Respectfully submitted:

By: /s/ Hannah D. Adams
Hannah D. Adams, LSBA # 36343
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112
Telephone: (504) 529-1000 x 258
Fax: (504) 596-2241
hadams@slls.org

*Attorney for Plaintiff/Relator*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing notice was sent to Defendant through counsel of record through the CM/ECF electronic notice system on the 7th day of November, 2023.

/s/ Hannah D. Adams

Hannah Adams, LSBA # 36343