UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELAINE JOSEPH | * | CIVIL ACTION NO. 22-1225 |
| VERSUS | * | SECTION: "A"(3) |
| KEVIN C. KING ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE EVA J. DOSSIER |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 39)**, filed by Defendant, Foremost Insurance Company, and **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 41)**, filed by Defendant, Kevin C. King. Both motions, which are identical, are opposed. The motions, submitted for consideration on March 27, 2024, are before the Court on the briefs without oral argument. For the reasons that follow, both motions to dismiss are **DENIED**.

### I.    Background

Plaintiff Elaine Joseph brought this *Qui Tam* action against Kevin C. King and Foremost Insurance Company, among others, alleging causes of action under the False Claims Act and various state laws.[1] For several years, Joseph leased property at 5298 Tullis Drive in New Orleans from Kevin C. King and Sheila King.[2] (Complaint, Rec. Doc. 2, ¶ 2). She participated in the Housing Choice Voucher Program, known as Section 8, administered by the Housing Authority of New Orleans. (*Id.* ¶¶ 3-5). Under Section 8, tenants may rent from private landlords

---

[1] The United States elected not to intervene.
[2] Defendants Kevin Logan King and Kevin C. King, although named separately in the Complaint, are the same individual. (Rec. Doc. 50, at 2 n.2). Sheila King did not join in these motions to dismiss. Any reference to "King" in this Order refers exclusively to Kevin King.

1

of their choosing. The local housing authority, which falls under the U.S. Department of Housing and Urban Development, pays a portion of the rent as calculated by the Section 8 program; the tenant pays the remainder. 42 U.S.C. § 1437f. Throughout her tenancy, Joseph was eligible for and participated in the Section 8 program. (Complaint, ¶ 36).

During Joseph's tenancy, the property's bathroom began leaking, which fostered mold growth and ultimately caused the ceiling to cave in. (*Id.* ¶¶ 93-94). Although she reported the leak, the defendants did not contact a licensed plumber or otherwise address the problem. (*Id.* ¶¶ 96-97). Without a receipt evidencing that a plumber reviewed the leak, the Sewerage and Water Board refused to lower Joseph's water bills. (*Id.* ¶ 99). Joseph claims that King's failure to respond to the leak constituted a breach of several implied statutory warranties that were made effective by the lease agreement. She alleges that because of the leak, she slipped and fell, was charged excessive water bills, and lost use of a portion of her home. (*Id.* ¶¶ 95-98). Consequently, she requests damages for her personal injuries and her out-of-pocket utility costs, which she alleges rendered her cost-burdened and caused stress and mental anguish. (*Id.* ¶¶ 100, 138).

The False Claims Act allegations are not at issue in these partial motions to dismiss. Rather, the motions focus exclusively on Count 4, which brings causes of action for breaches of the warranties of habitability, against vices and defects, and of peaceful possession under the Louisiana Civil Code articles 2682, 2691, 2696, 2699, and 2700. (*Id.* ¶¶ 130-39). Both King and Foremost argue that Count 4 is a delictual action disguised as a contractual action, and is therefore subject to a one-year prescriptive period.[3] Because the alleged injuries occurred over one year ago, they have moved to dismiss with prejudice. In response, Joseph contends that

---

[3] La. Civ. Code. art. 3492 governs delictual actions, stating that they "are subject to a liberative prescription of one year."

Count 4 is rooted in contract and is subject to a ten-year prescriptive period, and therefore is not time-barred.[4] Because these actions could possibly be considered as contract claims at this juncture, the defendants' motions to dismiss are **DENIED**.

## II.     Legal Standard

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law

---

[4] La. Civ. Code art. 3499 governs personal actions, stating that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

### III. Discussion

King and Foremost argue that the claims in Count 4—which allege violations of implied contractual duties owed to lessees—are founded in tort law and are thus subject to a one-year prescriptive period. As a general matter, "prescriptive statutes are to be strictly construed against prescription and in favor of the claim that is said to be extinguished. Of the two possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement, should be adopted." *La. Health Serv. & Indem. Co. v. Tarver*, 635 So. 2d 1090, 1098 (La. 4/11/1994). It is the defendant's duty to prove that the prescriptive period is applicable and that the plaintiff failed to bring a cause of action in a timely manner. *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La. 1992). Once the defendant has shown that the action is prescribed on its face, the burden shifts to the plaintiff to show that the action is not prescribed. *Id.*

Here, the defendants have not shown that the action is facially prescribed. They have simply stated that Joseph's slip-and-fall and mold exposure claims are delictual actions and therefore subject to a one-year prescription period. This conclusory statement, taken alone, is insufficient for this Court to grant these motions. However, the pleadings also reveal that Joseph has a plausible claim under her lease agreement.[5] King and Joseph are in privity through the lease. Joseph's claims arise under implied statutory warranties made effective by this lease

---

[5] Louisiana state courts determine which prescription statute applies by the pleadings. That is, the applicable statute is determined by whether the cause of action is pleaded as a delictual claim or a contract claim. Because federal pleading standards apply here, this Court is not bound by this practice, but the Court notes that the plaintiff alleged the cause of action as a contract claim.

agreement. It is therefore plausible that the injuries resulted from King's breach of these warranties.

In similar contexts, Louisiana courts have permitted actions which could constitute negligence by the landlord to be brought as either contract or delictual actions. *See, e.g.*, *McCrory Corp. v. Latter*, 331 So. 2d 577, 579 (La. App. 1 Cir. 1976). In *McCrory*, the court stated that the defendant landlord had a statutory obligation to "maintain the lessee in the peaceable possession of the leased premises during the continuance of the lease and to guarantee him against all of the vices and defects of the thing leased." *Id.* The lessor's failure to keep the property's basement waterproof—a requirement under the lease—was a breach of both the contract and the underlying statutory warranties. *Id.* Even where particular acts of negligence are alleged, the claim may still be rooted in contract. *See Fed. Ins. Co. v. Ins. Co. of N. Am.*, 263 So. 2d 871, 872 (La. 1972). "[W]hen a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract or an action in tort . . . ." *Id.* Such allegations of negligence may be "necessary to plaintiff's action in contract for recovery of some of the damages" sought and therefore do not preclude the application of a ten-year prescriptive period. *Id.* Further, other cases have linked personal injury claims to the ten-year prescriptive period for personal actions where the underlying violation was a breach of lease warranties. *See, e.g.*, *Richardson v. Hubbs*, 525 So. 2d 736, 739 (La. App. 1 Cir. 1988) (finding that a slip-and-fall claim could be maintained as contractual breach of statutory warranties through a lease agreement); *Thompson v. Cane Gardens Apartments*, 442 So. 2d 1296, 1299 (La. App. 1 Cir. 1983) (finding that a personal injury claim could be a personal action styled as a violation of statutory warranties and therefore subject to a ten-year prescriptive period).

Joseph has pleaded that she and King were parties to a leasing contract. The Louisiana Civil Code gives rise to several extracontractual implied warranties in leasing contracts, including those asserted in the Complaint. It is plausible under a Rule 12(b)(6) inquiry to interpret these causes of action as arising from contract, thus subjecting them to a ten-year prescriptive period. Because the injuries occurred within ten years of the filing date, the claims are not prescribed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 39)** filed by Defendant, Foremost Insurance Company, and the **Motion to Dismiss (Rec. Doc. 41)** filed by Defendant, Kevin C. King, are both **DENIED**.

April 18, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6